**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-4085**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIO HERNANDEZ-GONZALEZ, a/k/a Alex Cruz,
a/k/a Mario Hernandez, a/k/a Mario Gonzalez-
Hernandez,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad, Jr.,
District Judge.  (3:05-cr-00271-ALL)

―――――――――

Submitted:  August 23, 2006        Decided:  September 14, 2006

―――――――――

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA,
Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert,
United States Attorney, Douglas Scott Broyles, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Mario Hernandez-Gonzalez pled guilty to illegal reentry of an aggravated felon after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). He was sentenced to forty-one months' imprisonment. Hernandez-Gonzalez' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that in her opinion there are no meritorious issues for appeal, but raising as potential issues whether the district court erred by accepting Hernandez-Gonzalez' guilty plea without ensuring it was knowingly and voluntarily entered and that there was a factual basis for the plea, and by enhancing Hernandez-Gonzalez' offense level sixteen levels on the basis of a prior conviction that was not charged in his indictment. Hernandez-Gonzalez was notified of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

Hernandez-Gonzalez' counsel argues that the district court erred in accepting Hernandez-Gonzalez' guilty plea without ensuring that there was a sufficient factual basis for finding that he had been deported after obtaining a conviction for an aggravated felony and that his plea was knowingly and voluntarily entered, in violation of Fed. R. Crim. P. 11. Because Hernandez-Gonzalez did not seek in the district court to withdraw his guilty plea, his allegations of Rule 11 error are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir.

2002)(holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). Under plain error review, this court may only notice an error that was not preserved by timely objection if the defendant can demonstrate: (1) that an error occurred, (2) that the error was plain, and (3) that the error was material or affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993). Even when these three conditions are satisfied, the court should only correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732.

Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea, and determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1),(3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). After a thorough review of the record, we find a proper Rule 11 colloquy was conducted.

Hernandez-Gonzalez also claims that the district court erred when it enhanced his sentence sixteen levels using a prior conviction that was not charged in his indictment. However, the government need not allege in its indictment and need not prove

beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 246 (1998). U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2004) applies a sixteen-level enhancement if the defendant was previously deported after a "crime of violence," defined in the commentary to include an "aggravated assault." USSG § 2L1.2, comment (n.1(B)(iii)). In 2002, Hernandez-Gonzalez was convicted in North Carolina of assault with a deadly weapon with intent to kill and he was subsequently deported. We therefore find the district court did not err in applying the sixteen-level enhancement.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Hernandez-Gonzalez' conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED